■ In the Matter of the Claim of MYRA BARTFELD, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [657 NYS2d 123] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 3, 1996, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

After being laid off from her position at her husband's business and while collecting unemployment insurance benefits, claimant continued to write checks on behalf of the business. The Unemployment Insurance Appeal Board found claimant ineligible to receive unemployment insurance benefits on the ground that she was not totally unemployed. Claimant was charged with a recoverable overpayment of $8,850 and her future benefits were reduced by 208 days due to willful false statements regarding her unemployment status. Claimant admits that her name appeared on the signature card of the

business account and that she consistently wrote business checks for items such as insurance, apartment maintenance and her husband's salary. Claimant testified that she was concerned about her check-writing activities and was aware that she was required to report any work that she had done, yet she failed to disclose her activity to the local unemployment insurance office. We conclude that substantial evidence supports the Board's finding that claimant was not totally unemployed and that she made willful false statements (*see, Matter of Di Giacomo [Hudacs]*, 183 AD2d 1095). Accordingly, the unemployment insurance benefits which claimant received were recoverable (*see*, Labor Law § 597 [4]; *see also, Matter of Goldman [Hudacs]*, 196 AD2d 927). Claimant's remaining contentions are either without merit or not properly before this Court.

Mercure, J. P., Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.